```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 26 OCT 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GURPREET KAUR                              :
                                           :  ECF CASE
                         Plaintiff,        :
                                           :  10-CV-3774 (PAC)
        - against -                        :
                                           :
THE BANK OF TOKYO-MITSUBISHI UFJ,          :
LTD.                                       :
                                           :
                         Defendant.        :
                                           :
----------------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT AND CONSENT ORDER

**WHEREAS,** Gurpreet Kaur ("Plaintiff") and The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") are parties in the above-captioned action; and

**WHEREAS,** certain materials and information likely to be disclosed during the pendency of this case or as part of discovery contain confidential information; and

**WHEREAS,** the parties wish to ensure that such confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Confidentiality Agreement; and

**WHEREAS,** each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs and each of the parties represents that it has no intention to use any confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties and their respective attorneys, if any, as follows:

12802543v.1

1. This Confidentiality Agreement ("Agreement") governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated "Confidential" by any party. Discovery Material which has been designated "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Confidential Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever.

3. Under no circumstances other than those specifically provided for in this Agreement, as otherwise required by law, or with the express and specific consent in writing of the party which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose, or otherwise make known Confidential Material to any person other than the following:

    (a) the Receiving Party or any officer, director, employee, agent, or partner of a Receiving Party (or a parent, subsidiary or affiliate of that Receiving Party);

    (b) counsel of record in this action for the Receiving Party and employees of such counsel assisting in the conduct of this action;

    (c) expert witnesses, provided such expert witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

    (d) prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

    (e) the personnel of the Court in which this action has been filed in the

2

ordinary course of this action; and

(f)   court reporters who record testimony taken in the course of this litigation.

4.   A Producing Party may designate Discovery Material as "Confidential" if such party believes that the Discovery Material constitutes or would disclose confidential or proprietary information within the following categories of information: (a) personnel information of employees not parties to this action, (b) previously non-public financial or business information relating to the business or financial performance of BTMU, its business divisions, or BTMU investments or holdings, (c) previously non-public business plans, product development information, or marketing plans, (d) information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court.   Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production or, with respect to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided that the multi-page document is securely bound.  Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that all or specified portions of the deposition testimony shall be treated as Confidential Material.

5.   An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable.  However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Agreement.

6.   Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached

promptly, counsel for the designating person will promptly convene a joint telephone call with the Court to obtain a ruling. Confidential Material shall remain confidential until otherwise ordered by the Court.

7.  In the event counsel for any party determines to file with this Court any Confidential Material, such counsel shall, before filing, place such Confidential Material in a sealed envelope labeled as follows: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY AGREEMENT AND CONSENT ORDER." Documents so labeled shall be kept by the Court under seal for as long as they retain their status as Confidential Materials, and shall be made available only to the Court or persons authorized by the terms of this Agreement to have access thereto. Upon failure of the filing party to so file a document under seal, the Producing Party, person, or entity, or any party claiming confidentiality with respect thereto, may move the Court to place any Confidential Material under seal.

8.  Third Parties who have received Confidential Information shall be permitted to invoke the terms of this Confidentiality Agreement for protection of its Confidential Materials as if it were a party.

9.  This Agreement has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or any Receiving Party's use of material not obtained in the discovery process herein.

10. Nothing in this Agreement shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Agreement.

11. Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 3(c) and 3(d) of this Agreement, shall, at

the request of the Producing Party, be returned to counsel of record for the Producing Party within thirty (30) days of the request of the Producing Party.

12. This Agreement may be executed by counsel for the parties hereto, or the parties themselves, in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

Dated: October __, 2010
      New York, New York

ZATUCHNI & ASSOCIATES LLC

By: _____
David Zatuchni
davidz@zatuchniassociates.com
287 South Main Street
Lambertville, NJ 08530
(609) 243-0300

*Attorneys for Plaintiff*

Dated: October 26, 2010
      New York, New York

SEYFARTH SHAW LLP

By _____
Dov Kesselman
dkesselman@seyfarth.com
Brian Murphy
bmurphy@seyfarth.com
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendant*

SO ORDERED:

_____
The Honorable Paul A. Crotty
United States District Judge

12802543v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GURPREET KAUR                                  :
                                               :
                              Plaintiff,       :   **ECF CASE**
                                               :
                                               :   10-CV-3774 (PAC)
          - against -                          :
                                               :
THE BANK OF TOKYO-MITSUBISHI UFJ,              :
LTD.                                           :
                                               :
                              Defendant.       :
                                               :
----------------------------------------------------------------x

## ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have read the Confidentiality Agreement And Consent Order entered on _____, in connection with the above-captioned case, and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Confidentiality Agreement And Consent Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt of Court.

_____
Signature

Dated: _____

12802543v.1